UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIFFANY B.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-02696-DLP-JMS |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

**O**RDER

This matter comes before the Court on Defendant's Rule 59(e) Motion to Alter Judgment, Dkt. [28]. For the reasons that follow, Defendant's Motion is **DENIED**.

## I.   B<small>ACKGROUND</small>

On October 16, 2020, Tiffany initiated this lawsuit seeking judicial review of Administrative Law Judge Shelette Veal's October 7, 2019 decision denying benefits. (Dkt. 1).[2] On January 26, 2022, the Court reversed the ALJ's decision and remanded the case for further proceedings. (Dkt. 25). The Court found the ALJ's failure to include the use of a companion animal in the residual functional analysis harmless. (Id. at 8-14). The Court, however, found that the ALJ's failure to explain why no functional limitations were warranted for Tiffany's concentration-related limitations required remand. (Id. at 14-16).

---

[1] In an effort to protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has adopted the recommendations put forth by the Court Administration and Case Management Committee of the Administrative Office of the United States Courts regarding the practice of using only the first name and last initial of any non-government parties in Social Security opinions. The Undersigned has elected to implement that practice in this Order.

[2] ALJ Veal's decision was rendered the final Agency decision after the Appeals Council denied Tiffany's request for review on August 13, 2020. (Dkt. 13-2 at 2, R. 1).

1

On February 17, 2022, the Commissioner filed the present Rule 59(e) motion to alter judgment. (Dkt. 28). On March 3, 2022, Plaintiff filed her response. (Dkt. 30). The Commissioner did not file a reply and the time to do so has passed.

## II.  LEGAL STANDARD

Rule 59(e) allows a court to alter or amend a judgment only if the movant can demonstrate a manifest error of law or fact or present newly discovered evidence. *Cincinnati Life Ins. Co. v. Beyer*, 722 F.3d 939, 955 (7th Cir. 2013); *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Cosgrove v. Bartolotta*, 150 F.3d 729 732 (7th Cir. 1998); *Souter v. Int'l Union*, 993 F.2d 595, 599 (7th Cir. 1993). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). It is not a vehicle for rearguing previously rejected motions or for rehashing old arguments, and "it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Cincinnati Life Ins. Co.*, 722 F.3d 954; *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Hutcherson v. Krispy Kreme Doughnut Corp.*, 803 F. Supp. 2d 952, 956 (S.D. Ind. 2011). The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

### III. DISCUSSION

The Commissioner has filed the present motion in an attempt to amend the Court's judgment remanding this matter to the Social Security Administration for further proceedings. (Dkt. 28). In support of her Rule 59(e) motion, the Commissioner contends that the ALJ properly explained why no functional limitations for concentration, persistence, or pace were included in the residual functional capacity. (Dkt. 28 at 2). The Commissioner asserts that the ALJ included relevant portions of her analysis in her evaluation of the "paragraph B" criteria, that the ALJ went onto consider the medical evidence, Plaintiff's subjective symptoms, and the opinions in the record during the RFC analysis, and that because other courts in this Circuit have found that level of analysis to be sufficient under the substantial evidence standard, this Court similarly should have accepted the ALJ's analysis as sufficient. (Id. at 2-4) Plaintiff responds that Defendant's motion should be denied because it does not identify new evidence or a manifest error; rather, Defendant is improperly using the motion to raise new arguments that could have been raised before the Court rendered its decision. (Dkt. 30 at 2-3).

As the Plaintiff points out, the Commissioner does not bring forward any "newly discovered evidence" or attempt to describe a "manifest error" or wholesale disregard, misapplication, or failure to recognize controlling precedent. (Dkt. 30 at 2). Instead, it seems that the Commissioner takes issue with the result of the case and is merely asking for the Court to reweigh the evidence and find in her favor. As previously noted, the Court found that the ALJ failed to provide an adequate

3

explanation for why no functional RFC limitations were needed to address Plaintiff's mild difficulties with concentration, persistence, or pace. The Commissioner's only argument is that the ALJ properly considered the medical evidence, Plaintiff's subjective symptoms, and the opinions in the record, and that other courts in this Circuit have found less thorough analyses to support an ALJ's reasoning for not including functional limitations in the RFC. (Dkt. 28 at 3-4)[3].

This is not new evidence, and the Commissioner fails to demonstrate that this Court engaged in a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Rather, as Plaintiff notes, the Commissioner failed to directly address the Plaintiff's argument that the ALJ failed to account for her mild mental limitations in concentration in the RFC in her response brief, and this seems to be an attempt to present the arguments that should have been presented prior to the Court rendering a judgment. *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) ("[a] Rule 59(e) motion . . . . certainly does not allow a party to introduce new evidence or advance arguments that could and should have been

---

[3] The Commissioner points to *Nancy J.H. v. Saul*, No. 1:18-cv-01623-TAB-JMS, 2019 WL 2559543, at *3 (S.D. Ind. June 21, 2019), but that case is distinguishable for several reasons. First, in *Nancy*, the claimant argued that the Step Two analysis was insufficient, which led the ALJ to leave psychological limitations out of the RFC, whereas here the Plaintiff agrees with the Step Two analysis but contests whether the ALJ adequately explained why no functional limitations were required to address her concentration, persistence, or pace. Second, the Court in *Nancy* remanded for other reasons. Third, the ALJ in *Nancy* relied on the examining psychologist's opinion regarding functional limitations, but here the ALJ found the opinions of the psychologists unpersuasive. Fourth, the ALJ in *Nancy* noted at Step Two that the claimant had "no clinical manifestations of abnormalities in executive function," where in the present case the ALJ offers no such explanation. The Commissioner also points to *Lisa M. v. Saul*, No. 3:20-cv-00142-MPB-RLY, slip op. at 5 (S.D. Ind. Sept. 21, 2021), but that case too is distinguishable. The ALJ relied on the state agency psychological reports and the medical opinion that Plaintiff did not exhibit any significant mental health or intelligence deficits that would prohibit her from being employed or maintaining employment, but in this case the ALJ found the opinions of the psychologists unpersuasive.

presented to the district court prior to the judgment."). Because the Commissioner's arguments regarding the ALJ's reason for not including functional limitations in the RFC could have and should have been advanced earlier, the Court finds that these arguments are improper. As the Seventh Circuit explained in *Frietsch v. Refco, Inc.*, a motion for reconsideration is not a vehicle to enable a party to complete presenting her case after the Court has ruled against her. 56 F.3d 825, 828 (7th Cir. 1995).

This Court has not been presented with any new evidence, and the Commissioner's motion to reconsider fails to demonstrate extraordinary circumstances. As such, no proper bases have been presented to the Court to alter or amend its judgment and, thus, Defendant's motion must be denied.

### IV. CONCLUSION

For the reasons detailed herein, Defendant's Rule 59(e) Motion to Alter Judgment, Dkt. [28] is **DENIED**.

So ORDERED.

Date: 6/30/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email